IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raqib Abdul Al-Amin, | C/A No. 0:13-1176-CMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| South Carolina Dep't of Correction; Dennis Bush; Rhonda Sutton; Loyd Roberts; J. Michael Brown; Glenn Sharman; Regginald Cruz, | |
| Defendants. | |

The plaintiff, Raqib Abdul Al-Amin ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a state prisoner currently being housed at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"), and the individual defendants are SCDC employees. He files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that Defendants SCDC and J. Michael Brown should be summarily dismissed.

I.   **Factual and Procedural Background**

Plaintiff complains that, while at Broad River Correctional Institution ("BRCI"), Defendants Sutton, Cruz, Sharman and Roberts violated his constitutional right to practice his religion in violation of the First Amendment to the Constitution and South Carolina statutory law. He also alleges that Defendant Sutton removed Plaintiff from the list for Ramadan fasting,

in reprisal for Plaintiff's complaint about a sectarian sermon.  Later, Defendants Sutton, Cruz, Sharman and Roberts had Plaintiff transferred away from the region where his relatives live.

After Plaintiff's transfer, Defendant Bush called for Plaintiff, and indicated that Plaintiff would be placed in "lock-up" due to Bush's communication with Defendant Sutton.  (ECF No. 1 at 3.)  Plaintiff was then placed in lock-up "with <u>no incident report</u>, <u>no charge</u> and <u>no justification</u> given."  (<u>Id.</u>) (emphasis in original).

Plaintiff asks to be transferred back to BRCI; for an order restraining the defendants from harassing Plaintiff; for SCDC to stop the removal of Shi'ah literature; and to allow Shi'ah Muslims to lead prayers and give sermons and Islamic classes.  He also requests damages for the violation of his rights and for "compaign [sic] harassment and gross negligence," as well as compensation for his damaged or destroyed literature.  (<u>Id.</u> at 4.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (en banc); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "'all civil actions'"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff names "South Carolina Dep't of Correction" (or SCDC)—a state agency—as a defendant in this action.  Neither the State nor its agencies is a "person" for purposes of liability under § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).  Additionally, absent waiver or consent, the Eleventh Amendment bars a suit directly against the State or its agencies. Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996).  The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Although the Eleventh

Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. See Hans v. Louisiana, 134 U.S. 1 (1890). A State must consent to suit in a federal district court, which serves to waive sovereign immunity. See Lapides v. Bd. of Regents, 535 U.S. 613 (2002). Defendant SCDC has not consented to suit in federal court in this case and, therefore, the Eleventh Amendment bars Plaintiff from suing this defendant in this court.

Moreover, to the extent Plaintiff named SCDC as a defendant to seek damages from the State of South Carolina, this action is barred by Eleventh Amendment immunity. See Will, 491 U.S. 58, 70–71 (1989); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (stating that, absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted). Although a State may waive sovereign immunity, Lapides, 535 U.S. 613, the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e); see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations). Thus, SCDC should be summarily dismissed from this case.

The Complaint should also be summarily dismissed as to Defendant J. Michael Brown because Plaintiff has failed to allege any facts showing personal involvement by this Defendant in connection with any alleged constitutional violation. See Iqbal, 556 U.S. at 677. The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Moreover, a claim based upon the doctrine of respondeat superior does not give rise to a

§ 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 677. Indeed, the dissent in Iqbal opined that, "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." Id. at 693 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Accordingly, Plaintiff's claims against Defendant Brown fail as a matter of law.

### III.    Recommendation

Thus, the court recommends that the Complaint in the above-captioned case be summarily dismissed as to Defendants SCDC and Brown without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 5, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).