UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raqib Abdul Al-Amin, | ) Civil Action No. 0:13-01176-BHH |
| Plaintiff, | ) |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Dennis Bush; Rhonda Sutton; Loyd Roberts; Glenn Sharman; Regginald Cruz; Associate Warden Mauney, | ) |
| Defendants. | ) |

The plaintiff Raqib Abdul Al-Amin ("the plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. §§ 1983 against the defendants Dennis Bush, Rhonda Sutton, Loyd Roberts, Glenn Sharman, Regginald Cruz and Associate Warden Mauney ("the defendants") alleging violations of his constitutional right to practice his religion in violation of the First Amendment to the Constitution, South Carolina statute, and prison policy. (Am. Compl., ECF No. 48.)  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling and a Report and Recommendation. Magistrate Judge Gossett recommends that the court grant the defendants' motions for summary judgment (ECF Nos. 83, 124), and deny the plaintiff's motion for summary judgment (ECF No. 88).  The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them without recitation.

## BACKGROUND

The Court has reviewed the record and finds that the relevant facts are sufficiently summarized in the Magistrate Judge's Report and Recommendation. Where

1

additional facts are relevant, they will be incorporated directly into the Court's analysis. On March 19, 2014, the defendants Bush, Cruz, Roberts, Sharman, and Suttonfield filed a motion (ECF No. 83) seeking summary judgment, and the plaintiff filed a response in opposition (ECF No. 87).  On April 10, 2014, the plaintiff filed a motion for summary judgment (ECF No. 88), and the defendants filed a response in opposition on April 28, 2014 (ECF No. 102).  Then, because plaintiff amended his complaint on May 19, 2014, and added Associate Warden Mauney as a defendant, another motion for summary judgment was filed on behalf of Associate Warden Mauney on November 3, 2014. (ECF No. 124.)  The plaintiff filed a response in opposition on November 14, 2014 (ECF No. 128), and the defendants filed a reply.  (ECF No. 129.)  Magistrate Judge Gossett submitted a Report and Recommendation (ECF No. 131) on January 21, 2015. Magistrate Judge Gossett recommends that both of the defendants' motions for summary judgment (ECF No. 83, 124) be granted, and the plaintiff's motion for summary judgment (ECF No. 88) be denied.  The plaintiff filed objections and a supplement to the Report and Recommendation (ECF Nos. 133, 137), and the defendants filed a reply.  (ECF No. 134.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation (the "Report") to which specific objection is made, and the court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56 (c)(1)(A).  A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).  "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."  *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate."  *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).  "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts."  *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The court must determine

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## DISCUSSION

As noted above, the plaintiff filed an objection and a supplemental objection to the Magistrate Judge's Report, and the defendants filed a reply, all of which the Court has carefully reviewed. The Magistrate Judge prepared an extensive and detailed Report and Recommendation that recommended that the defendants be granted summary judgment due to *inter alia* the plaintiff's failure to exhaust his administrative remedies and his failure to present sufficient evidence to demonstrate that the South Carolina Department of Correction's ("SCDC") policy to not recognize different groups within the religion of Islam is not reasonably related to legitimate penological interest and violates his First Amendment rights.  *Turner v. Safley*, 482 U.S. 78, 89 (1987). Specifically, the plaintiff fails to distinguish his case from other cases where this Court has held that SCDC's failure to provide separate services for specific groups does not violate the First Amendment.  *See, e.g., Harbin v. SCDC*, C/A No. 6:13-1973-JMC, 2014 WL 4955200 (D.S.C. Sept. 30, 2014) (finding no violation where inmate claimed that separate Friday Jumu'ah services were not provided for Nation of Islam religion); *Allen v. SCDC*, C/A No. 3:10-939-HMH-JRM, 2012 WL 1655297 (D.S.C. Apr. 24, 2012), Report and Recommendation adopted by 2012 WL 1655295 (May 10, 2012) (finding the generic Islam services provided by SCDC did not impose a substantial burden on a Nation of Islam inmate's exercise of religion).

4

5

The plaintiff's objections, though verbose, fail to state a specific objection or direct the Court to any specific error in the Magistrate's proposed findings and recommendations and are, accordingly, overruled.  Having conducted a *de novo* review of all portions of the Report and Recommendation to which the plaintiff has objected, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.

## **CONCLUSION**

After a thorough review of the Report and Recommendation and the record in this case, the Court agrees with the Magistrate Judge.  The plaintiff's objections are overruled, and the Report is adopted and incorporated herein by reference.

IT IS THEREFORE ORDERED that the defendants' motions for summary judgment (ECF Nos. 83, 124) are **GRANTED**.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment (ECF No. 88) is **DENIED**, and this action is DISMISSED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 25, 2015
Greenville, South Carolina

5